*319
 
 Nash, J.
 

 Azariah Graves made his last will and testament 2Sth January, 1837. and died in April of the same year. The 8th clause of the will contains the following bequest: “All those above named legatees, (referring to his brothers and sisters, who were mentioned in the preceding part of the same clause,) which may be owing me by notes, bonds, and open accounts, at my death, it shall be given up to them : that is if they are willing to give up such notes, bonds, and accounts, if any they have upon me, and not charge them against my estate.” The testator was the guardian of Algernon Yancy, and, at the time the will was made, and at the time of his death, held in his hands two bonds or notes, executed by his brother William Graves, and made payable to him as such guardian, and had no other notes or bonds or accounts, against his brother William. After the death of the testator, those two bonds came into the possession of his administrator, the defendant, who commenced an action upon them against the present plaintiff as the representative of William Graves. The bill is filed, to have them delivered up to the plaintiff and for an injunction. It alleges, that, alter the making of the will, Azariah Graves and his ward Yancy, had a settlement, in which the latter fell considerably in debt to the former, whereby these bonds or notes became the property of the guardian, and as such were retained by him. This is not admitted by the answer, nor is it sustained by any proof. The answer on the contrary alleges, that after the death of Azariah Graves, a settlement was had between the defendant as his representative and Algernon Yancy ; when it was found that the ward was indebted to the estate of his late guardian to the amount of $700, which he has since paid ; and that the action enjoined was brought
 
 afterwards.
 
 The answer further alleges, that, after the death of William Graves, the plaintiff made a payment on these bonds of eighty dollars and promised to pay .the
 
 *320
 
 balance. Neither of these allegations is sustained by the proof, taken in the cause. As to the latter the bill states, that the plaintiff did make the payment of $80, but at the time he was ignorant of the bequest. This statement is evidence of the fact of the payment. If the plaintiff had laid before the Court any evidence of the settlement, as alleged in the bill, he would have been entitled to the relief he seeks. The subsequent rete ntion of the notes by the guardian would have been evidence, and very strong evidence, that in the settlement they had been accounted for, and thereby made his property. But the case must be considered without any reference to such a state of facts. By the terms of the bequest, we are not at liberty to say the testator intended to gives the notes or bonds in question. If the bequest had been to William Graves individually, there would have been much plausibility in the argument, that he meant these bonds and considered them as his own property. But William Graves is only one of a number of brothers embraced in the clause; upon some of them the testator might have held bonds or notes; upon others, none. When therefore the intestate comes and says these bonds or notes are given to me, he must bring forward proof to satisfy the Court, not only that the testator so meant, but that he had legally made them his own property. The Court can make no such intendment. The testator speaks of the debts he gives away as debts due to him as his property. These instruments did not belong to him, but his ward. It is impossible, as the case appears before us, to give to the bequest the application asked for by the plaintiff, without making the testator guilty of a breach of official duty — a thing of which he was incapable. A guardian cannot lawfully transfer to another, either by gift or sale, for the satisfaction of his own debt, a bond made payable to him as guardian : if he does, the assignee holds it in trust for the ward and must account for the principal and interest
 
 *321
 

 Lockhart v. Phillips,
 
 1 Ire. Eq. 312.
 
 Fox
 
 v.
 
 Alexander,
 
 1 Ire. Eq. 340. At the time of the death of Azariah Graves, no settlement had taken place between him and his ward:
 
 de non apparentibus el non existentibus, eadem est lex.
 
 The bonds and notes in controversy belonged to Algernon Yancy. The testator did not mean to give away such, as he held in right of another — in which, at the time, he had no beneficial interest. He meant to give only such as were really his own property.
 

 Per Curiam.
 

 Bill dismissed with eosts.